**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES ELLERBE, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| GEORGIA DEPARTMENT OF | : | CIVIL ACTION NO. |
| CORRECTIONS, | : | 1:07-CV-2898-RWS |
| PARDON AND PAROLE BOARD | : | |
| MEMBERS, et al., | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, James Ellerbe, currently confined at the Wheeler Correctional Facility in Alamo, Georgia, seeks leave to file this civil rights action without prepayment of the $350.00 filing fee, other fees, or security therefor, pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1, 2). For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim

on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A litigant fails to state a claim when he fails to plead "enough factual matter (taken as true)" to plausibly support his claim for relief and, thereby, give the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff

must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.  Discussion

Plaintiff challenges the Georgia Board of Pardons and Paroles' (Board's) alleged application of an unofficial ninety-percent policy. (Doc. No. 1.) By way of background, it is noted that Plaintiff previously filed an action in which he complained that the Board, in considering his parole release date, had wrongly applied to him its ninety-percent policy in violation of his due process rights and the Ex Post Facto Clause. Ellerbe v. Nix, No. 1:05-CV-0418-RWS (N.D. Ga. March 23, 2005) (Complaint at Docket Entry 1). In that case, this Court took judicial notice (1) that before December 9, 1997, it had been the Board's policy that inmates convicted of certain crimes had to serve one-third of their prison terms before becoming eligible for a parole hearing; (2) that it subsequently became the Board's policy that inmates, convicted on or after January 1, 1998, of certain crimes, had to serve ninety percent of

their prison terms before becoming eligible for a parole hearing, without regard to the date on which the underlying criminal conduct occurred; but (3) that on March 10, 2005, the Board had issued a press release that it would no longer apply the ninety-percent policy and would reconsider all the cases to which it previously had applied that policy. Id. (Order at Docket Entry 3). This Court dismissed Plaintiff's action as moot based on the Board's March 10, 2005, press release. Id.

In the instant action, Plaintiff complains that the Board's reconsideration of his parole release date "was a sham" and the Board, essentially, continues to apply the ninety-percent policy. (Doc. No. 1 ¶ IV.) Plaintiff seeks injunctive relief. (Id. ¶ V.)

The Ex Post Facto Clause states that "[n]o . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. To establish an ex post facto violation, a plaintiff must show a contested law that is punitive, retrospective, and works to his disadvantage by punishing past conduct. Paschal v. Wainwright, 738 F.2d 1173, 1175-76 (11th Cir. 1984). A discretionary practice, however, that is without the force and effect of law, does not qualify as a "Law" for ex post facto purposes. See Kelly v. Southerland, 967 F.2d 1531, 1533 (11th Cir. 1992) (holding that provisions that guide a discretionary decision and that are without the "force and effect of law" are not laws that are subject to ex post facto concerns). See also Akins v. Snow, 922 F.2d 1558,

4

1561 (11th Cir. 1991) (holding that Board rules or regulations – promulgated as a matter of legislative delegation and having the "force and effect of law" – are subject to the ex post facto concerns) (overruling on other grounds recognized in Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002)); Dufresne v. Baer, 744 F.2d 1543, 1550 (11th Cir. 1984) (holding that guidelines that simply guide a discretionary decision and do not change the date on which a prisoner becomes eligible for parole, are not laws for ex post facto purposes).[1]

Here, the alleged unofficial policy has not changed the date on which Plaintiff became eligible for parole consideration, and it appears that Plaintiff has, in fact, been considered for parole. Further, the policy complained of (a "sham" consideration of parole) is not an official Board rule or policy; it is an alleged unofficial policy that qualifies as neither a rule nor regulation that was promulgated as a matter of legislative delegation. As an unofficial policy, it does not have the force and effect of law. This Court finds that the challenged unofficial policy is not a "Law" subject to ex post facto concerns.

---

[1] In addressing a challenge to the Board's alleged de facto application of the ninety-percent policy, the Eleventh Circuit did not address whether that alleged de facto policy violated the Ex Post Facto Clause, but instead found that the appellants had failed to show that such a policy had been applied. Porter v. Ray, 461 F.3d 1315, 1321-22 (11th Cir.), cert. denied, _ U.S. _, 127 S. Ct. 516 (2006).

5

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this  5th  day of December, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE